|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RICHARD A. CANATELLA, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C05-2415 BZ |
| | ) | |
| v. | ) | **ORDER ON PLAINTIFF'S** |
| | ) | **ADMINISTRATIVE MOTION** |
| JOHN VAN DE KAMP, ESQ., et al., | ) | **FOR ORDER GRANTING** |
| | ) | **LEAVE TO FILE SECOND** |
| | ) | **AMENDED COMPLAINT** |
| Defendant(s). | ) | |

Now before me is plaintiff's administrative motion for an order granting leave to file a seconded amended complaint. Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Under Rule 15, the grant or denial of the opportunity to amend is within the discretion of the court. See Forman v. Davis, 371 U.S. 178, 182 (1962). "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citations and internal quotation marks omitted). Leave to amend should be granted unless amendment would cause prejudice, is sought in bad faith, is futile, or

1

would create undue delay.  See <u>Bowles v. Reade</u>, 198 F.3d 752, 757 (9th Cir. 1999) (citing <u>DCD Programs, Ltd.</u>, 833 F.2d at 186)  "As this circuit and others have held, it is the consideration of prejudice to the other party that carries the greatest weight."  <u>Eminence Capital LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).  In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities."  <u>DCD Programs, Ltd.</u>, 833 F.2d at 186.

    Having considered plaintiff's motion, the State Bar defendants' opposition, and plaintiff's reply, I find that allowing amendment is appropriate.  Defendants have not demonstrated that the amendment is sought in bad faith, is futile, or would otherwise cause undue delay.  This case was only recently filed, and although defendants have filed motions to dismiss, requiring them to submit supplemental papers to address the allegations raised in the second amended complaint would cause minimal prejudice.  In light of the liberal federal policy favoring decisions on the merits, I find that amendment is appropriate and should be granted.  **IT IS THEREFORE ORDERED** that plaintiff's second amended complaint is deemed filed, and the September 7, 2005 hearing on plaintiff's administrative motion is vacated.

    As the determination of plaintiff's motion for a preliminary injunction and defendants' motions to dismiss will require consideration of the allegations in the second amended complaint, the motions are continued as follows:  Defendants'

1  motions to dismiss and plaintiff's motion for a preliminary
2  injunction, currently scheduled to be heard on September 7,
3  2005, are continued to **Wednesday, October 12, 2005, at 10:00**
4  **a.m.,** in Courtroom G, 15th Floor, Federal Building, 450 Golden
5  Gate Avenue, San Francisco, California 94102.  Any
6  supplemental papers in support of the motions must be filed by
7  August 31, 2005.  Any oppositions must be filed by September
8  14, 2005.  Any replies must be filed by September 21, 2005.
9  The parties are free to refer to or incorporate portions of
10 any existing filings.
11 Dated:  August 16, 2005

                             _____
                                       Bernard Zimmerman
                              United States Magistrate Judge

G:\BZALL\-BZCASES\CANATELLA\SCHEDULING.ORD2.wpd

3