UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. CANATELLA,<br><br>       Plaintiff(s),<br><br>  v.<br><br>JOHN VAN DE KAMP, ESQ., et al.,<br><br>       Defendant(s). | No. C05-2415 BZ<br><br>**ORDER GRANTING DEFENDANT DAETWYLER'S MOTION TO DISMISS** |

    Plaintiff Richard Canatella filed this action on June 15, 2005 against the State Bar of California (erroneously sued as the California Bar Journal), several officers of the State Bar and Martha L. Daetwyler, Esq. ("Daetwyler"), alleging defendants violated plaintiff's First, Fourth and Fourteenth Amendment rights. Daetwyler moved to dismiss the 42 U.S.C. § 1983 claims in plaintiff's Second Amended Complaint ("Complaint") on, among other grounds, that she is not a state actor.[1] The rambling and highly contentious 42-page Complaint alleges that Daetwyler is an attorney in private practice, who accessed a summary of plaintiff's disciplinary record on the

---

[1] All parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c).

1

State Bar's web site and provided it to a state court in an unsuccessful effort to recover fees for her client in a case in which plaintiff was opposing counsel.

Plaintiff cites no convincing authority, and the Court has found none, to support his argument that Daetwyler is a state actor. Plaintiff's reliance on <u>Lugar v. Edmondson Oil Company, Inc.</u>, 457 U.S. 922 (1982) is misplaced. <u>Lugar</u> held that private defendants who acted jointly with state officials to attach a debtor's property under an unconstitutional statute could be sued as state actors under § 1983. Here, plaintiff does not allege that Daetwyler attached or seized his property, that she acted under an unconstitutional statute or that she engaged in any "conduct that can be attributed to the State". <u>Id</u>. at 941. At most, plaintiff alleges Daetwyler used information she got from a state source for her private advantage. A private person does not become a state actor merely by publishing public information. Plaintiff's conclusory conspiracy allegations do not alter these essential facts.

Because Daetwyler is not a state actor, plaintiff's § 1983 claims are dismissed as to her. The remaining claims in plaintiff's complaint allege state torts, such as defamation, abuse of process and violation of privacy. Many of these torts are barred by the litigation privilege set forth in Cal. Civ. Code § 47(b) because a logical relationship exists between Daetwyler's conduct and the objective she was trying to achieve in court. <u>Kimes v. Stone</u>, 84 F.3d 1121, 1127 (9th Cir. 1996)(privilege applies to any communications "that have

some connection or logical relation to the action")(internal quotes omitted). Daetwyler presented information about plaintiff having been sanctioned because she was seeking monetary sanctions from him. To the extent there are any state torts still outstanding in plaintiff's complaint against Daetwyler, having dismissed all federal claims, I decline to exercise supplemental jurisdiction.[2]  28 U.S.C. § 1367(c)(3).

**IT IS HEREBY ORDERED** that Daetwyler's motion to dismiss is **GRANTED**.

Dated: December 13, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\CANATELLA\ORDER.DISMISS.DAET.wpd

---

[2] In view of the Court's findings that Daetwyler is not a state actor and that the litigation privilege bars many of plaintiff's state causes of action, I need not reach Daetwyler's further arguments in support of her motion to dismiss.

3