UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. CANATELLA,<br><br>  Plaintiff(s),<br><br>  v.<br><br>JOHN VAN DE KAMP, ESQ., et al.,<br><br>  Defendant(s). | No. C05-2415 BZ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Richard Canatella filed this action on June 15, 2005 against the State Bar of California (erroneously sued as the California Bar Journal (the "Bar Journal")) and several officers of the State Bar,[1] alleging defendants violated plaintiff's First, Fourth and Fourteenth Amendment rights.[2] Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on several grounds, including that plaintiff's federal claims are time barred.

---

[1] Defendant Martha L. Daetwyler, Esq. was also named in plaintiff's complaint. The Court granted Daetwyler's motion to dismiss on December 13, 2005.

[2] All parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c).

1

1   The essence of plaintiff's complaint is that defendants
2   violated his civil rights when they published a summary of
3   plaintiff's discipline record (the summary) on the State Bar's
4   website.
5       In their motion, defendants argue that because the
6   summary was published on their website in February 2000,
7   plaintiff's complaint, filed June 15, 2005, is time barred.
8   Plaintiff argues that the statute of limitations did not begin
9   to run until July 17, 2004, when former defendant Martha
10  Daetwyler cited the summary in a court proceeding.
11      California personal injury law provides the statute of
12  limitations for plaintiff's § 1983 claim.  Jones v. Blanas,
13  393 F.3d 918 (9th Cir. 2004).  The current statute of
14  limitations is two years.  Cal. Civ. P. Code § 335.1.
15  Defendants argue that the former one-year statute of
16  limitations should apply.[3]  The more difficult question is
17  when plaintiff's claim accrued.  Assuming that plaintiff
18  states a federal civil rights claim,[4] accrual is governed by

---

[3]   As discussed below, plaintiff's claim accrued in February 2000.  The statute of limitations was then one year. Because extending the statute on January 1, 2003 did not revive claims which had already expired, plaintiff's claim is governed by the previous one-year statute.  Maldonado v. Harris, 370 F.3d 945, 954-5 (9th Cir. 2004).

[4]   It is difficult to understand how a summary of discipline to which plaintiff stipulated, which was unobjectionable when published in print, somehow violates plaintiff's civil rights when it is posted on the State Bar's website.  Nevertheless, for purposes of this ruling, the Court assumes that plaintiff has stated a civil rights claim.

federal law.[5]  Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004).  "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Id. (quoting TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999)).

Plaintiff first challenges the date on which the summary appeared on the State Bar's website.  At a hearing on October 12, 2005, it became apparent that this threshold issue could not be determined from the face of the complaint or from any matter of which I could take judicial notice.  Accordingly, as permitted by Rule 12(b)(6), I gave the parties an opportunity to take limited discovery on this issue and to submit matters outside the pleadings to see if this potentially dispositive issue could be resolved at the outset of the litigation.  I otherwise stayed the litigation.

Defendants submitted additional declarations from Nancy McCarthy, the Editor and General Manager of the Bar Journal and its Senior Writer from March 1991 to November 2000, which establish that the summary appeared on the State Bar's website in February 2000 (McCarthy Decl. dated October 19, 2005, ¶ 2).  In her declarations, McCarthy explains the Bar Journal's practice of posting the Bar Journal online and avers that the February 2000 issue of the Bar Journal was posted on the State

---

[5] Under state law, the Uniform Single Publication Act limits plaintiff to one cause of action for damages founded on any single publication, and the statute of limitations period runs from the first instance of publication.  Cal. Civ. Code § 3425.3; see also Cusano v. Klein, 264 F.3d 936, 949 (9th Cir. 2001)(affirming district court's grant of summary judgment and refusal to toll the statute of limitations until discovery) and Shively v. Bozanich, 31 Cal.4th 1230, 1250-51 (2003).

1  Bar's website on or about February 1, 2000 (Id. ¶ 6).  She
2  avers, "The State Bar's business practice around February 2000
3  was to check the website to make sure an edition of the
4  California Bar Journal had been posted before paying any
5  invoice" and "[t]o the best of [her] knowledge and the records
6  of the State Bar, no edition of the California Bar Journal has
7  failed to be posted at or around the same time as its physical
8  publication" (McCarthy Decl. dated November 22, 2005, ¶ 6).
9  Plaintiff deposed McCarthy.  In her deposition, McCarthy again
10 averred that the February 2000 issue of the Bar Journal was
11 posted online on or about February 1, 2000 (Erlewine Decl.,
12 Exh. B 13:10-19, 19:1-11).  She testified that "each month
13 we'd just check to make sure [the Bar Journal] was up" and "we
14 would go online to see if it was there" and she was never
15 aware "that the edition for that particular month had not been
16 posted online in the month that the hard copy had been mailed
17 out" (Id. 85:12 - 86:9).
18      Neither of plaintiff's challenges to defendants' factual
19 showing create a disputed issue of material fact such that
20 summary adjudication of this issue is unwarranted.  Plaintiff
21 first argues that he and his staff could not locate the
22 summary when they searched for it.  Plaintiff relies heavily
23 on the declaration of Adriano Hrvatin, a law student working
24 in his office during the fall of 2002.  Hrvatin declares that
25 around October 2002, while navigating the State Bar's website,
26 he "clicked on the link" entitled "Attorney Search" to
27 "[c]heck an attorney's bar membership" and then clicked on
28 another link entitled "Attorney/Member Search" and typed

4

"Canatella, Richard A."  The search yielded plaintiff's page, which "noted that Mr. Canatella 'has a public record of discipline'" which could be obtained upon request (Hrvatin Decl. ¶ 4).  Based on this search and others conducted between October 2002 and August 2003, Hrvatin declares he did not find the summary on the State Bar's website (Hrvatin Decl. ¶¶ 4, 6).  Nowhere does Hrvatin declare that he logged on to that portion of the State Bar's website which archives past editions of the Bar Journal and that the summary was not in the February 2000 edition.  Hrvatin does not establish that in 2002 the summary did not exist online; he only establishes that the State Bar had not yet provided a link between plaintiff's name and the summary.  This is consistent with evidence presented by both sides that such a link was created in 2003.[6]

Plaintiff also provides the declaration of Dr. Crittenden.  Dr. Crittenden does not offer any facts to controvert defendants' showing.  He merely opines that he believes it highly improbable that the summary was posted when defendants assert.[7]  His opinion is not sufficient to create a

---

[6] Plaintiff provides no support for his argument that linking the summary to plaintiff's membership records was a republication.  See infra note 8.  Nor is there any reason to make actionable a technological change that simplifies access to public information that is not objectionable.  See Mack v. State Bar, 92 Cal.App.4th 957, 962-64 (2001).

[7] Dr. Crittenden is a sociologist by training but styles himself a "Computer Consultant."  He declares "that Ms. McCarthy testified that the 'web master' does 'maintain a record of when something is actually posted on the internet.'  However, she failed to bring those critical records with her to the deposition despite a request that she produce those records." (internal citations omitted)  Since plaintiff did not

5

1  disputed issue of material fact.  <u>Triton Energy Corporation v.</u>
2  <u>Square D Company</u>, 68 F.3d 1216, 1222 (9th Cir.
3  1995)("Therefore, we find that Bennett's expert opinion and
4  the inferences Triton seeks to draw from it are not of
5  sufficient quantum and quality to create genuine issues of
6  material fact.").

7      Plaintiff has failed to show that there is a genuine
8  issue as to the material fact of when the summary in the
9  February 2000 issue of the Bar Journal was posted online.
10 Based on the record, I conclude plaintiff's summary was
11 available on the State Bar's website in February 2000.

12     Plaintiff also appears to contend that the posting on
13 the internet was a separate publication or republication of
14 the summary which first appeared in the print version of the
15 February 2000 Bar Journal.  This contention has at least two
16 problems.  First, at the hearing, plaintiff conceded that the
17 online summary was the same as the version published in the
18 print edition.  He admitted that he did not have any problems
19 with the print version; his objection is to posting it on the

---

23 append those portions of Ms. McCarthy's deposition in either
   electronic or hard copy form, they are not part of the record.
24 In any event, plaintiff has still failed to establish that a
   material fact is in dispute.  If plaintiff did request
25 production of the "web master's" records and defendants did not
   comply, plaintiff could have asked me to compel production.  If
26 the "web master" could conclusively determine the date when the
   summary was posted, both sides could, and should, have
27 submitted such conclusive evidence, but the record before me
   does not include it.  I am unwilling to speculate what such
28 evidence might be or why no party submitted it.

6

1  internet (Transcr. of Proceedings on October 12, 2005, p. 7).[8]
2  Plaintiff's contention that the mere act of posting an
3  unobjectionable summary of his discipline record on the
4  internet converted such summary into a false or misleading
5  publication is unconvincing.  If the print version is not
6  defamatory or objectionable, it is hard to see how the
7  electronic version can be.[9]  Second, even assuming that a
8  later publication of the same Bar Journal summary on a
9  website constitutes a republication intended to reach a
10 different audience, Kanarek v. Bugliosi, 108 Cal.App.3d 327
11 (1980), plaintiff's claim still falls outside the applicable
12 statute of limitations.  Under state law, the single
13 publication rule applies to postings on the internet,
14 Traditional Cat Ass'n v. Gilbreath, 118 Cal.App.4th 392, 403-
15 404 (2004), so the latest this summary would have been
16 republished was February 2000.
17      Under federal law, "a claim accrues when a plaintiff
18 knows or *has reason to know* of the injury."  Maldonado, 370
19 F.3d at 955 (emphasis added).  Plaintiff knew or should have

---

[8] In his supplemental papers, he now argues that the summary is false and misleading because the defendants hid it in an obscure location on the internet.  It is immaterial when the State Bar linked the summary to plaintiff's name or made it easily searchable.  If the summary was online, then it was available to the public.  Making a public document more accessible does not violate plaintiff's civil rights.  See Mack, 92 Cal.App.4th at 962-64.

[9] To the extent that plaintiff argues that the State Bar does not have a right to publish discipline records online, that issue has already been decided against him.  Mack, 92 Cal.App.4th at 962-63 (holding that the State Bar could publish on its website an attorney's record of private reproval and noting the policy favoring disclosure of public discipline records).

7

1  known that his discipline record would be public in 1999 when
2  he stipulated to discipline to resolve charges pending
3  against him.  He concedes that he saw the summary in the
4  print version of the Bar Journal in February 2000 (Transcr.
5  11:17-20).  As a member of the State Bar, he should have
6  received, and does not deny receiving, a variety of materials
7  from the State Bar informing him that the Bar Journal was
8  available on the internet (McCarthy Decl. dated November 22,
9  2005, Exhs. 1-18).  By the time the Bar Journal published the
10 summary in its February 2000 edition, the State Bar had been
11 making the Bar Journal available online for four years, since
12 January 1996.  I find that he knew or should have known in
13 2000 that his summary would be available to the public, both
14 in print and online.  His attempts to check the State Bar's
15 website in 2002 to see if his discipline record had been
16 posted attest to this.

17       Plaintiff argues repeatedly that the statute of
18 limitations began to run only when he discovered the online
19 version in 2004 after former defendant Daetwyler cited it in
20 a court proceeding.  Plaintiff has provided no authority for
21 this proposition.[10]  His reliance on cases such as Hobart v.
22 Hobart Estate Co., 26 Cal.2d 412 (1945) is misplaced since

---

[10] This case is distinguishable from Schneider v. United Airlines, Inc., 208 Cal.App.3d 71 (1989)(holding that plaintiffs, whose credit was twice denied, had two separate causes of action against an airline which had transmitted allegedly false credit information to a credit reporting agency which had provided the information to two different banks on separate occasions).  In cases such as this one, where plaintiff's summary was published in a magazine and on the internet and intended for mass distribution, the single publication rule should apply.

these cases interpret statutes of limitations which the California legislature has by statute decreed do not begin to run until discovery.

Plaintiff next argues that the statute of limitations in this case was equitably tolled because on March 29, 2000 he filed a federal suit challenging the constitutionality of State Bar statutes and a rule of conduct and seeking an injunction prohibiting the State Bar from taking disciplinary action against plaintiff under the challenged disciplinary rules. See Canatella v. State of California, 304 F.3d 843 (9th Cir. 2001). Plaintiff argues that the March 2000 action gave defendants timely notice of the need to defend against this claim, defendants have not been prejudiced by his failure to file earlier and he acted reasonably and in good faith in bringing the present action, so that the statute of limitations in the present action was equitably tolled.

The filing of plaintiff's March 2000 action challenging various State Bar rules of discipline is not so related to the present suit,[11] which involves the online publication of the summary of plaintiff's discipline record, that defendants could be said to have had notice of this action in March of 2000. Nowhere does plaintiff explain how the filing of the March 2000 action put defendants on notice that the summary, which was not objectionable in print version, would produce this lawsuit if the summary were posted online. Nor is this

---

[11] Notwithstanding his current arguments, plaintiff did not consider these cases sufficiently related to file a related case motion under Local Rule 3-12.

9

a case where plaintiff had to file the March 2000 action as a precondition to filing this suit. <u>Conley v. Brotherhood of Electrical Workers</u>, 810 F.2d 913, 915 (9th Cir. 1987)("Equitable tolling is most appropriate when the plaintiff is required to avail himself of an alternate course of action as a precondition to filing suit."). Courts have tolled the statute of limitations in cases of fraudulent concealment or in cases where plaintiff could not have reasonably discovered the facts giving rise to his claim. <u>Cusano</u>, 264 F.3d at 949. Neither is the case here. None of plaintiff's arguments establish a basis for equitably tolling the statute of limitations in this case.

The summary of plaintiff's discipline record was available on the State Bar's website in February 2000. Plaintiff did not file his suit until June 15, 2005. Therefore, the statute of limitations period for plaintiff's claim expired before plaintiff filed his complaint.[12]

**IT IS HEREBY ORDERED:**

1. Defendants' motion to dismiss, which has been disposed of under Rule 56, is **GRANTED**. Plaintiff's motion for summary adjudication is **DENIED**.

2. Since plaintiff's action is time barred, plaintiff's motion for preliminary injunction is **DENIED** as moot.

3. There being no opposition, defendants' request for

---

[12] To the extent any state torts remain outstanding in plaintiff's complaint, having dismissed all federal claims, I decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3).

10

|  |  |
|---|---|
| 1 | judicial notice in support of their motion to |
| 2 | dismiss, submitted August 1, 2005 is **GRANTED.** |
| 3   4. | Defendants' request for judicial notice in support |
| 4 | of their motion to dismiss, or alternatively, |
| 5 | motion for summary judgment, submitted October 27, |
| 6 | 2005 is **DENIED.**  Absent foundational information |
| 7 | about how the Internet Archive is constituted, I am |
| 8 | not satisfied that this is a source whose accuracy |
| 9 | cannot reasonably be questioned.  See FRE 201. |
| 10   5. | Defendants' request for judicial notice in |
| 11 | opposition to plaintiff's motion for preliminary |
| 12 | injunction is **DENIED** as moot. |
| 13   6. | Plaintiff's request for judicial notice in support |
| 14 | of his motion for summary judgment is **GRANTED IN** |
| 15 | **PART** and **DENIED IN PART.**  Plaintiff's request is |
| 16 | granted as to ¶¶ 1, 4 and 6 and denied as to ¶¶ 2, |
| 17 | 3 and 5.  Plaintiff's request as to ¶ 7 is granted, |
| 18 | except as to the summary, which has not been |
| 19 | authenticated. |
| 20   7. | Defendants' objections to the declarations of |
| 21 | Richard Canatella and Butler Crittenden are |
| 22 | **OVERRULED.**  They go to the weight I attach to the |
| 23 | evidence. |

Dated: December 19, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\CANATELLA\BardismissYIbzv4.wpd

11